**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DILSHOD SHODIYEV,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-3091** |
| **v.** | : | |
| **ANGELA HOOVER,** | : | **(JUDGE MANNION)** |
| **Respondent.** | : | |

## MEMORANDUM

Pending before the Court is Dilshod Shodiyev's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (**Doc. 1**). For the reasons stated herein, the petition will be **GRANTED**.

## I. BACKGROUND

Petitioner is a citizen and native of Uzbekistan. (Doc. 4-3 at 1). On July 25, 2023, Petitioner entered the United States at a port of entry in San Ysidro, California. *Id.* at 3. Petitioner was issued a Notice to Appear charging him as removable pursuant to §212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") and paroled into the United States. *Id.*; (Doc. 4-2 at 4). On July 15, 2024, Petitioner filed an I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture. (Doc. 1 at 5).

On October 16, 2026, Scott Township Police Department ("STPD") officers encountered Petitioner during a traffic stop for local traffic violations. (Doc. 4-3 at 2). The STPD officers contacted U.S. Immigration and Customs Enforcement ("ICE"). *Id.* ICE officers performed a records check which showed that Petitioner lacked immigration status. *Id.* ICE officers generated a Warrant for Arrest and authorized STPD to take Petitioner into custody. *Id.* STPD transferred Petitioner to ICE custody. *Id.*; (Doc. 4 at 2-3). Petitioner has no criminal record. (Doc. 4-3 at 3). Petitioner is currently detained in Clinton County Correctional Facility. (Doc. 1 at 6; Doc. 4 at 3).

On October 17, 2026, Petitioner filed the instant petition. (Doc. 1). On November 2, 2026, the Government filed a response to the petition. (Doc. 4). On November 3, 2026, Petitioner filed a traverse. (Doc. 5). Accordingly, the petition is ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus when a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a

discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

## III. DISCUSSION

### a. Jurisdiction

The Court's authority to hear noncitizen habeas petitions under 28 U.S.C. §2241 is limited in some circumstances by 8 U.S.C. §§1252(g), (b)(9), and (a)(2)(B)(ii). Section 1252(g) states that:

> Except as provided in this section and notwithstanding any other provisions of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §1252(g). Here, the Court's jurisdiction is not barred by §1252(g) as the petition does not challenge the commencement of removal proceedings, the Attorney General's decision to adjudicate, nor the execution of a removal order. *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (finding that §1252(g) divests the court of jurisdiction "only to [these] three discrete actions")

Section 1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceedings brought to remove an alien from the United States . . . shall be available only on judicial review of a final order [of removal]." 8 U.S.C. §1252(b)(9). Here, the Court's jurisdiction is not barred by §1252(b)(9) as the petition does not seek review of any law or fact arising from a removal proceeding. *See E.O.H.C. v. Sec'y United States Dept. of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (finding that §1252(b)(9) "does not reach 'claims that are independent of, or wholly collateral to, the removal process.'").

Section 1252(a)(2)(B)(ii) prohibits district courts from reviewing discretionary detention choices of the Attorney General or Secretary of Homeland Security. 8 U.S.C. §1252(a)(2)(B)(ii). Here, the Court's jurisdiction is not barred by §1252(a)(2)(B)(ii) as the petition does not challenge a discretionary detention choice. *See Patel v. O'Neil*, No. 3:25-cv-2185, 2025 WL 3516865, at *3 (M.D.Pa. Dec. 8, 2025) ("[S]ection 1252(a)(2)(B)(ii) is inapposite because the Respondents' statutory detention power is not a matter of discretion to which §1252(a)(2)(B)(ii) applies.") (internal citations and quotation marks omitted).

Finally, courts considering the issue of whether a petitioner is being wrongfully detained without a bond hearing "have almost universally held

that they have jurisdiction," and, therefore, that §§1252(g), (b)(9), and (a)(2)(B)(ii) do not apply. *Patel*, 2025 WL 3516865 at *3.

**b. Exhaustion of administrative remedies**

"A petitioner challenging agency action must generally first exhaust administrative remedies; however, in habeas proceedings, 'exhaustion exists as a judicially created doctrine applied at the Court's discretion.'" *Vadel v. Lowe*, No. 3:25-cv-02452, 2025 WL 3772059, at *3 (M.D.Pa. Dec. 31, 2025) (quoting *Kashranov v. Jamison*, No. 2:25-cv-05555-JDW, 2025 WL 3188399, at *3 (E.D.Pa. Nov. 14, 2025)). Here, further administrative review would be pointless, because Petitioner is detained under 8 U.S.C. §1226(a), *entitling* him to a bond hearing, which he has not received. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). Thus, in exercising its discretion, this Court will analyze the merits of Petitioner's wrongful detention claim.

**c. 8 U.S.C. §1226(a) applies to Petitioner**

The Government argues that Petitioner is "an arriving alien detained pursuant to 8 U.S.C. §1225(b)(2) and not entitled to a bond hearing." (Doc. 4 at 1). Petitioner argues that because he was "inspected and paroled at a port of entry, released into the United States, placed in removal proceedings before an immigration judge, and was living in the United States for more than three years before ICE detained him", Petitioner was not "seeking

admission" when he was detained. (Doc. 1 at 9). Therefore, Petitioner argues that §1225(b)(2) does not apply and he may only be properly detained under §1226(a), which requires that Petitioner be given an opportunity for an individualized bond hearing. *Id.* at 10.

In its precedential decision, the United States Court of Appeals for the Third Circuit held that "[b]ecause §1225(b)(2)(A) does not apply to Petitioners as they were not detained at the border, their detentions were unlawful under that provision of the INA." *Buele Morocho v. Warden Philadelphia FDC*, 189 F.4th 287, 305 (3d Cir. 2026). "[T]o fall within §1225(b)(2)(A)'s ambit, an applicant for admission must engage in present or ongoing action to gain admission, that is, lawful entry . . . into the United States after inspection and authorization by an immigration officer." *Id.* at 295 (citations and internal quotations omitted).

As in *Buele Morocho*, Petitioner is no longer seeking admission into the United States. At the time of his arrest and detention, he was not actively attempting to come into the United States at a border or port of entry—he was already here. "Because §1225(b)(2)(A) does not apply to Petitioner[ ] as [he] [was] not detained at the border, [his] detention[ ] [was] unlawful under that provision of the INA." *Id.* at 305; *see also Siglam v. Lowe,* No. 3:26-CV-2424, 2026 WL 2656292, at *5 (M.D.Pa. Sept. 9, 2026).

**d. Petitioner's detention under 8 U.S.C. §1226(a) without a bond hearing violates due process and warrants release**

The Fifth Amendment protects against deprivation "of life, liberty, or property, without due process of law." U.S. CONST. amend. V. This protection "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Section 1226(a) allows for the Attorney General to arrest and detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. §1226(a). Pending that decision, the Attorney General (1) "may continue to detain the arrested alien;" and (2) "may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole." 8 U.S.C. §1226(a)(1)-(2). When an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson*, 594 U.S. at 527; *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018) (holding that individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied).

The *Buele Morocho* Court held that a petitioner's detention without a bond hearing violated the Due Process Clause. *Buele Morocho*, 189 F.4th at 307. The Court assess Petitioner's due process claim by considering the *Mathews* factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge,* 424 U.S. 319, 335 (1976).

First, the "most elemental of liberty interests—the interest in being free from physical detention"—is implicated. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). "[A]s in *Buele Morocho*, we conclude that mandatory detention implicates [Petitioner's] constitutionally protected interest in avoiding physical restraint." *Siglam*, 2026 WL 2656292, at *5 (citations and internal quotations omitted). Second, "the absence of an opportunity for a neutral decisionmaker to assess whether [Petitioner] [is] dangerous or [a] flight risk[ ] presents a high risk of erroneously depriving [Petitioner] of [his] liberty interest." *Id.* Finally, as the *Buele Morocho* court explained:

> [T]he Government's legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [Petitioner] [was] detained absent evidence that [he] is dangerous or a flight risk, and the Government has not argued that [a] bond hearing[ ] [is] unduly burdensome.

*Buele Morocho*, 189 F.4th at 307 (internal citations omitted). While the Government has an interest in detaining noncitizens "to ensure [their] appearance . . . at future immigration proceedings and to prevent danger to the community," there is no such need here. *Quispe v. Rose*, 819 F.Supp.3d 362, 373 (M.D.Pa., 2025) (citing *Zadvydas*, 533 U.S. at 690). Petitioner has no criminal record, and the Government has provided no evidence to support that Petitioner has any incentive to flee or that he presents a danger to the community.

Upon weighing the *Mathews* factors, the Court finds that Petitioner's detention under §1225(b)(2)(A) violates his due process rights.

## IV. EAJA COSTS AND FEES

Petitioner will be permitted to file a motion for costs and fees pursuant to the Equal Access to Justice Act ("EAJA") within thirty days of the entry of final judgment in this case. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 435-36 (3d Cir. 2026) (holding that a petition for a writ of

habeas corpus from immigration detention under §2241 is an EAJA "civil action," entitling petitioners to attorneys' fees and costs if the Government's position was not "substantially justified").

## V. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **GRANTED**. *See Siglam*, 2026 WL 2656292, at *5 (granting immediate release); *see also Andrade v. Rose*, No. 26-603, 2026 WL 401189, at *6 (E.D.Pa. Feb. 12, 2026) (granting immediate release), *aff'd sub nom. Buele Morocho*, 189 F.4th 287 at 307. The Government will be ordered to immediately release Petitioner from custody. The Government will also be temporarily enjoined from re-arresting Petitioner for a period of fourteen days to ensure that this habeas remedy is effective.

If the Government later detains Petitioner under 8 U.S.C. §1226, the Government will be required to provide Petitioner with notice and, within ten days of his detention, a bond hearing before an immigration judge, who shall provide an individualized assessment as to whether he poses a flight risk or a danger to the community. If Petitioner is re-detained under §1226 and the Government fails to schedule a timely bond hearing, he will be permitted to reopen this matter.

Finally, Respondents will be directed to file a declaration or affidavit pursuant to 28 U.S.C. §1746 confirming that Petitioner has been released from custody. An appropriate order shall be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 11/16/26
26-3091-01